

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

June 28, 2021

<u>Via ECF</u>
The Honorable District Judge Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **<u>Velentaga, et al. v. Yaneck Home Improvement Corp., et al.</u>**
       **20-CV-4789 (RPK)(TAM)**

Dear Judge Kovner:

Our office represents Carlos Velentaga ("Velentaga") and Patricio Calle ("Calle") (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for Yaneck Home Improvement Corp. and Jan Szczecina (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' Settlement Agreement, attached hereto as **Exhibit 1**, were reached following a Court-annexed mediation on June 2, 2021.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

### I. <u>The Monetary Terms of the Settlement Agreement are Fair and Reasonable</u>

#### a. The Settlement Amount

The parties agreed to resolve this matter for the amount of $40,000.00 payable to the Plaintiffs, inclusive of attorneys' fees, which are addressed below.

#### b. Plaintiffs' Position

Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that, during their employment by Defendants, they were regularly required to work fifty (50) to fifty-

five (55) hours per week but were paid the same hourly rates for all hours worked, even those in excess of forty (40) hours per workweek.

Plaintiffs were employed as non-overtime-exempt construction workers and laborers for Defendants' business which is located at 61-80 Grove Street Ridgewood, New York 11385. Plaintiff Veletanga alleged that he was employed by Defendants for approximately two years and was required to regularly work approximately fifty (50) hours per week. Plaintiff Calle alleged that he was employed by Defendants for approximately two years and four months and was required to regularly work approximately fifty (50) to fifty-five (55) hours per week. Both Plaintiffs alleged that they paid hourly rates ranging from $18.00 per hour to $21.00 per hour – depending on the time period – but were paid the same hourly rates for all hours worked.

Lastly, Plaintiffs also alleged that they were entitled to recover under NYLL §195 for Defendants' failure to provide compliant wage notices and wage statements.

While Plaintiffs were confident that they could succeed on all of their claims at trial, Plaintiffs recognized the risks of continuing litigation and the records and defenses maintained by Defendants. Defendants produced time and pay records for the Plaintiffs prior to mediation. Although Plaintiffs disputed the accuracy and completeness of these records, they acknowledged their potential probative value should this matter have proceeded to trial. After careful review of Defendants' records, Plaintiffs believed that they were owed approximately $20,000.00 to $25,000.00 in unpaid wages. As such, the settlement will allow Plaintiffs to recover close to 100% of their unpaid wages claim.

Furthermore, the parties maintained factual disputes, specifically as to the dates of Plaintiffs' employment and the number of hours that Plaintiffs worked each week. These factual disputes would not have been resolved until trial. As such, Plaintiffs' preference was to receive guaranteed lump sum payment following Court approval of the Settlement Agreement rather than engage in protracted litigation and the uncertainty of trial at a much later date in the future.

### c. Defendants' Position

Defendants produced copies of pay checks which they contended reflected all the hours and weeks both plaintiffs had worked. The checks showed that plaintiffs were paid for all hours worked at straight time rates. Defendants conceded that, as shown by the pay checks, plaintiffs did not receive premium pay even when they worked over forty hours in any one week. Although defendants also acknowledged that the checks showed that the hourly rates plaintiffs claimed they were paid were basically accurate, defendants contended the checks showed plaintiffs had exaggerated the number of weeks and amount of overtime hours they had worked.

Defendants calculated plaintiffs' damages for unpaid overtime premium to total approximately $5,000.00. But defendants acknowledged they had not complied with New York Labor Law §195 as to wage statements and wage notices. In order to avoid additional liability for attorney fees, liquidated damages and pre-judgment interest, and as a result of mediation, defendants agreed to pay plaintiffs a total of $40,000.00, inclusive of attorney fees.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $40,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses and records maintained by Defendants in this matter and the fact that the terms of the Settlement Agreement was achieved with through the Court-annexed mediation program and with the assistance of an experienced and qualified wage-and-hour neutral. The parties had genuine, bona fide disputes over the number of hours worked by Plaintiff, the wages paid to Plaintiffs and the dates of Plaintiffs' employment, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement. Additionally, the settlement amount allows Plaintiffs to recover close to 100% of their alleged unpaid wages – a figure strongly contested by Defendants.

### II.   The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" Gurung v. White Way Threading LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." Martinez v. Gulluoglu LLC, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting Camacho v. Ess-A-Bagel, Inc., No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in paragraph 2(b) of the Settlement Agreement ("Release") is tailored to Plaintiffs' claims wage-and-hour-related claims against the Defendants. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the wage claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are fair and reasonable and comport with the standards articulated in *Cheeks*.

### III.     Distribution to the Plaintiffs and Requested Attorneys' Fees and Expenses

#### a.  Distribution to the Plaintiffs

The parties agreed to a global settlement of $40,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $26,029.34. Each Plaintiff will recover $13,014.67. Each Plaintiff will recover an equal share of the settlement as both Plaintiffs had an almost equal unpaid wages claim. The decision to split the settlement proceeds equally was a joint decision between the two Plaintiffs and this is an equitable outcome due to the similarities in their claims and when weighing the records provided by Defendants.

#### b.  **Plaintiffs' Counsel's Requested Attorneys' Fees and Expenses**

Plaintiffs' counsel respectfully requests $956.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $400.00
- the costs of service of the Summons and Complaint on Defendants in this matter: $256.00
- the costs of the Court-annexed mediation: $300.00

Plaintiffs' counsel respectfully requests one-third of the settlement amount less the above expenses ($39,044.00), or $13,014.66 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $13,970.66.

**Settlement Amount:** $40,000.00
**Attorneys' Expenses:** $956.00
**Settlement less Expenses:** $39,044.00 ($40,000.00 - $956.00)
**Requested Attorneys' Fees:** $13,014.66 ($39,044.00 / 3)
**Total payable to Attorneys:** $13,970.66 ($13,014.66 + $956.00)
**Total payable to Plaintiffs:** $26,029.34 ($40,000.00 - $13,014.66)

Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of both matters and the recovery secured through their efforts. Plaintiffs'

counsel has zealously advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

### IV. Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of careful negotiation during the course of a Court-annexed mediation before a court-certified wage-and-hour neutral and the terms of the Settlement Agreement comport with Second Circuit case law. Both parties were represented by experienced and competent counsel who specialize in this area of law. As such, we respectfully request that the Court approve the Agreement. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.